UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAURICE R. GOUDEAU, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-3332 |
| | § | |
| NATIONAL OILWELL VARCO, L.P., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Pending before the Court is the defendant's, National Oilwell Varco, L.P. ("NOV"), motion for summary judgment (Docket No. 26) pursuant to Rule 56 of the Federal Rules of Civil Procedure. The plaintiff, Maurice Goudeau, has filed a response (Docket No. 27) and NOV has replied (Docket No. 29).[1] Having reviewed the parties' submissions, the record and the applicable law, the Court finds and concludes as follows.

### II. FACTUAL BACKGROUND

National Oilwell Varco designs, manufactures and sells equipment and components used in oil and gas drilling and production. It also provides oilfield inspection and supply chain integration services to the upstream oil and gas industry. Maurice Goudeau began his career with ReedHycalog in 1993. NOV acquired ReedHycalog in April 2008, and Goudeau continued to be employed by NOV as a maintenance supervisor until his termination in August 2011.

Mike Perkins became Goudeau's supervisor in August or September of 2010. Shortly thereafter, Perkins began making ageist comments to Goudeau. One such comment, "there sure are a lot of old farts around here," was made during a conversation in which Perkins inquired

---

[1] Goudeau petitioned for leave to file a surreply (Docket No. 30), but the motion was denied (Docket No. 32).

about two older employees, Joe Jett and Bill Fisher. Perkins asked about their ages, how long they had been working for the company, and confided in Goudeau that he planned to fire both Jett and Fisher.

Goudeau, believing that Perkins planned to terminate the employees because of their age, voiced his opposition to the scheme. Immediately upon Goudeau objecting to the plan, Perkins attitude toward Goudeau changed. Goudeau complained to Human Resources (HR) about Perkins' comment and intention to fire older workers because of their age. HR told him that it would question Perkins about the situation.

After the complaint, Perkins made other age-related comments to and about Goudeau, including referring to the designated smoking area as "where the old people meet" and chiding that Goudeau "does own a pair of jeans, he's not wearing them old man clothes that he always wears." In addition, Perkins took steps to marginalize Goudeau's managerial responsibilities.

In January 2011, Perkins issued Goudeau a disciplinary write-up for insubordination. Specifically, Goudeau ignored a direct request to transfer a piece of equipment and Perkins had to do it himself. Goudeau again complained to HR and explained that the write-up was a retaliatory measure for Goudeau's opposition to Perkins' discriminatory plan to terminate older employees. Goudeau also expressed his disagreement with claim of insubordination described in the write-up. HR informed him that it would investigate his allegation. Perkins later commented to Goudeau that it was not necessary to complain to HR because he never intended to make the write-up part of Goudeau's personnel file.

In March of that same year, Goudeau received his first performance review from Perkins. He was given an overall rating of "below standard performance." Perkins noted specific

deficiencies in Goudeau's performance[2] and indicated that immediate improvement in all areas was required. Goudeau, in his subsequent complaint to HR, contested the deficiencies outlined in the review. He further reiterated that Perkins was retaliating against him for his pervious complaint. Perkins later approached Goudeau and again said that it was unnecessary to go to HR because they "could have settled this in-house." Goudeau responded that he thought the review was motivated by age discrimination and retaliation. Perkins did not respond.

Over the course of the next several months, Goudeau was issued four additional disciplinary write-ups. The issues outlined in each disciplinary report were similar to the deficiencies outlined in his March performance review. On August 11, 2011, Goudeau was summoned to a meeting with Perkins and HR. During that meeting, he was informed he was being terminated for substandard performance, including insubordination.

Goudeau filed his first amended complaint in January 2013, alleging discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and the Texas Commission on Human Rights Act, Tex. Lab. Code Ann. §§ 21.051, 21.055. Discovery has concluded and docket call is set for April 7, 2014.

---

[2] Those deficiencies were as follows: "1. Goudeau needs to improve his follow up and on-time delivery of tasks assigned to him; 2. quantity of output of work is a major deficiency in Goudeau's daily routines; 3. use of resources is an issue because of the quality of the vendors used which has caused major costs to the company; 4. Goudeau does not work well with the team and needs to improve immediately; and 5. customer impact is an issue because of the lack of follow up on issues."

### III.     CONTENTIONS OF THE PARTIES

#### A.     NOV's Contentions[3]

NOV argues that Goudeau's age discrimination claims fail because he cannot establish his *prima facie* case, *i.e.*, he cannot demonstrate that his age was a motivating factor in his discharge.[4] Specifically, NOV argues that any stray remarks made by Perkins were not sufficiently proximate in time or in any way related to Goudeau's discharge. Moreover, NOV contends, even if Goudeau could establish a *prima facie* case of age discrimination, it has put forth evidence that Goudeau was terminated because of his poor performance and repeated acts of insubordination—a legitimate, nondiscriminatory reason to fire an employee. Additionally, NOV argues that Goudeau cannot demonstrate that its proffered reason for terminating him is pretext for a discriminatory motive.

NOV also contends that Goudeau's retaliation claims fail because he cannot make out his *prima facie* case. Specifically, NOV arguess that Goudeau cannot demonstrate that he engaged in any protected activity, and even assuming that he engaged in protected activity, there is no causal connection between that activity and his discharge.

#### B.     Goudeau's Contentions

Goudeau argues that NOV has failed to demonstrate the absence of disputed fact issues and therefore has not met its burden in moving for summary judgment. He maintains that Perkins made numerous age-related comments between August 2010 and January 2011. Goudeau

---

[3] NOV argues that the affidavit Goudeau submitted in connection with his reply brief is a "sham" and should not be considered by the Court in ruling on the motion for summary judgment. *See Axxiom Mfg., Inc. v. McCoy Investments, Inc.*, 846 F.Supp.2d 732, 749 (S.D. Tex. 2012) (Rosenthal, J.) (explaining that the Fifth Circuit recognizes the sham affidavit rule, which "stands for the proposition that a nonmoving party may not manufacture a dispute of fact merely to defeat a motion for summary judgment."). Upon reviewing Goudeau's deposition testimony and the affidavit, the Court finds that the affidavit does not directly contradict any material statements in the deposition. Accordingly, the Court concludes that the affidavit does not constitute a "sham" and will consider it in ruling on the motion.

[4] As discussed below, there are slightly different burdens under the Age Discrimination in Employment Act and the Texas Commission on Human Rights Act.

received his first disciplinary write-up in January 2011, and was terminated in August of that same year. He claims that his relationship with Perkins changed after he disagreed with Perkins alleged plan to fire older employees generally, and two employees specifically. Goudeau contends that these facts are enough to meet his *prima facie* burden. Furthermore, he claims the write-ups he was issued were part of Perkins' scheme to fire him for his age and, thus, demonstrate that NOV's purported reason for his termination is, in fact, pretextual.

Goudeau also argues that he has met his burden to establish a *prima facie* case of retaliation. He contends that his complaints to HR constitute protected activity. Goudeau maintains that HR informed Perkins of the complaints and that they were the impetus for his subsequent write-ups and eventual termination.

## IV. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Id.* (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis

omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, (1986)).

## V. ANALYSIS AND DISCUSSION

### A. Discrimination Claims

#### i.

The Age Discrimination in Employment Act ("ADEA") prohibits employers from terminating or otherwise discriminating against any individual regarding compensation or the terms, conditions, or privileges of employment because of age. 29 U.S.C. § 623(a)(1). The Texas Commission on Human Rights Act ("TCHRA") similarly prohibits employment discrimination based on age. Tex. Lab. Code Ann. § 21.051. Discrimination under the ADEA and TCHRA may be proven through either direct or circumstantial evidence. *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010) (citing *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002)); *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 356 (5th Cir. 2005). The Fifth Circuit has held that in cases where no direct evidence[5] of discriminatory animus has been produced, proof by means of circumstantial evidence[6] must be evaluated using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

---

[5] "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Sandstad*, 309 F.3d at 897 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1217 (5th Cir. 1995)).
[6] "If an inference is required for the evidence to be probative as to an employer's discriminatory animus in terminating the former employee, the evidence is circumstantial, not direct." *Id.* at 897-98.

*Sandstad*, 309 F.3d at 896; *Machinchick*, 398 F.3d at 356 (5th Cir. 2005) (citing *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003)).

Under this framework, the plaintiff must first establish a *prima facie* case of age discrimination, and, if successful, the burden shifts to the employer to produce evidence that the plaintiff was discharged for a nondiscriminatory reason. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142-43 (2000); *see also Jackson*, 602 F.3d at 378. If the employer meets its burden, the plaintiff must then show that the reason provided was a pretext for discrimination. *Jackson*, 602 F.3d at 378. "Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves*, 530 U.S. at 143 (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). Thus, the plaintiff "can avoid summary judgment if the evidence, taken as a whole: (1) creates a fact issue as to whether each of the employer's stated reasons was not what actually motivated the employer, and (2) creates a reasonable inference that [age was the but-for] factor in the actions of which plaintiff complains." *Grimes v. Tex. Dep't of Mental Health and Mental Retardation*, 102 F.3d 137, 141 (5th Cir. 1996); *see also Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 177 (2009). Under the TCHRA, the plaintiff only need show that age was "a motivating factor" for the adverse employment action. *Machinchick*, 398 F.3d at 356 (citing *Quantum Chemical Corp. v. Toennies*, 47 S.W.3d 473, 481 (Tex. 2001)).

**ii.**

To establish a *prima facie* case of age discrimination, the plaintiff must demonstrate that "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected

class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Jackson*, 602 F.3d at 378 (quoting *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007).

The parties do not dispute that the first three elements of Goudeau's *prima facie* case are satisfied. Nor do they dispute that Goudeau was not replaced—his job duties were absorbed by the existing workers at NOV. The parties do contest whether Goudeau was "otherwise discharged because of his age." Goudeau relies on age-related comments made by Perkins to establish that he was terminated because of his age.

It is well-settled in this circuit that stray remarks are not indicative of discrimination. *See Moss v. BMC Software, Inc.*, 610 F.3d 917, 929 (5th Cir. 2010). "In order for an age-based comment to be probative of an employer's discriminatory intent, it must be direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that age was an impermissible factor in the decision to terminate the employee." *Id.* (quoting *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996)). Remarks may serve as sufficient evidence of age discrimination only if they are: (1) age-related, (2) proximate in time to the employment decision at issue, (3) made by an individual with authority over that employment decision, and (4) related to that employment decision. *Jackson*, 602 F.3d at 380. The parties dispute whether Perkins' remarks were sufficiently close in time to Goudeau's termination or related to the termination.

Although both parties have briefed the Court with the presumption that *McDonnell Douglas* and the four-part stray remarks test applies, that is not the case.[7] The test NOV proposes, and that Goudeau adopts, determines whether a remark constitutes *direct* evidence of

---

[7] "In evaluating federal discrimination claims, this court has distinguished between workplace comments presented as direct evidence of discrimination and those presented as additional (*i.e.*, circumstantial) evidence in the course of a *McDonnell Douglas* analysis." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 441 (5th Cir. 2012) (citing *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir. 1996)).

discriminatory intent. *See Reed v. Neopost USA, Inc.*, 701 F.3d 434, 441 ("Where a plaintiff offers remarks as direct evidence, we apply a four-part test to determine whether they are sufficient to overcome summary judgment."). If the "plaintiff produces direct evidence of discrimination, the *McDonnell Douglas* [framework] is inapplicable." *Rachid v. Jack In The Box*, 376 F.3d 305, 309 (5th Cir. 2004). On the other hand, if the discriminatory remarks were offered as circumstantial evidence, *McDonnell Douglas* would be applicable and a more flexible two-part stray remarks test would apply. *Reed*, 701 F.3d at 441.

Goudeau has not presented Perkins' comments as *additional* evidence of discriminatory animus; rather, that is his *only* evidence of discrimination. However, Goudeau has expressly chosen to pursue his claims under the *McDonnell Douglas* framework. The Court is of the opinion that Perkins' alleged comments could only constitute circumstantial evidence, as inferences are required to reach the ultimate conclusion of discriminatory animus. *Cf. Obasogie v. Harris Cnty. Hosp. Dist.*, 2013 WL 6916246, at *4 (S.D. Tex. 2013) (Ellison, J.). Therefore, the Court will evaluate his claims under the *McDonnell Douglas* rubric, but utilize the flexible two-part test.

### iii.

When comments are offered as circumstantial evidence in the context of the *McDonnell Douglas* analysis, the plaintiff must establish "(1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker." *Reed*, 701 F.3d at 441 (citing *Laxton*, 333 F.3d at 583). The Court is satisfied that the comments attributed to Perkins satisfy this standard. The statements are at least arguably disparaging and it is undisputed that Perkins made the decision to terminate Goudeau. Indeed, in similar circumstances, the Fifth Circuit has

held that ageist remarks "easily establish[]" the fourth element of a prima facie case. *Rachid*, 376 F.3d at 313.

Having found that Goudeau has established his *prima facie* case, the burden now shifts to NOV to articulate a legitimate, nondiscriminatory reason for Goudeau's termination. "This burden is one of production, not persuasion." *Reeves*, 530 U.S. at 142. NOV asserts that it discharged Goudeau because of poor performance and insubordination. Specifically, Goudeau was terminated for ignoring direct requests to complete tasks or otherwise failing to finish projects in a timely, cost-effective manner. NOV supports these assertions with emails and other documentary evidence. Accordingly, NOV has satisfied its burden to produce evidence that demonstrates its reason for firing Goudeau was valid.

The Court is not satisfied that Goudeau has demonstrated that NOV's reason for terminating him is pretextual. Goudeau contends that he has presented evidence establishing pretext. This evidence consists of Goudeau's own testimony that Perkins had a plan to lay the foundation to terminate him, his claim that the write-ups were not credible, and the dispute as to when and whether he was given any of the write-ups after his performance review in March 2011. A plaintiff's "good faith belief that his age motivated his employer's action" is not sufficient to create a fact issue regarding pretext. *Little v. Republic Refining Co., Ltd.*, 924 F.2d 93, 96 (5th Cir. 1991). Similarly, a plaintiff's disagreement with his employer's evaluation of his performance does not create an issue of fact. *Sandstad*, 309 F.3d at 899. Moreover, as long as Perkins reasonably believed that Goudeau's performance was deficient and acted on it in good faith, the dispute as to when and whether Goudeau was issued write-ups does not evidence pretext. *See Waggoner v. City of Garland, Tex.*, 987 F.2d 1160, 1165-66 (5th Cir. 1993). That factual dispute, standing alone, is not probative of whether Perkins' belief was reasonably held.

Because Goudeau has not carried his burden under *McDonnell Douglas*, the Court grants NOV summary judgment on his ADEA and TCHRA discrimination claims.[8]

### B. Retaliation Claims

The ADEA's anti-retaliation provision prohibits an employer from discriminating against an employee for opposing an unlawful practice or asserting a charge, testifying, assisting, or participating in an ADEA proceeding or investigation. 29 U.S.C. § 623(d). The TCHRA also prohibits retaliation for such conduct. Tex. Lab. Code Ann. § 21.055. To establish a *prima facie* claim of retaliation under the ADEA or the TCHRA, the plaintiff must establish that: (1) he engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *Holtzclaw v. DSC Comm'ns Corp.*, 255 F.3d 254, 259 (5th Cir. 2001); *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004). The burden-shifting structure applicable to ADEA and TCHRA discrimination claims, as originally set forth for Title VII claims in *McDonnell Douglas*, is also applicable to retaliation claims under both statutes. *Id.*

The parties dispute whether Goudeau engaged in any protected activity. They also dispute whether a causal link exists between any such protected activity and Goudeau's termination. The Court finds that Goudeau's complaint to HR that Perkins was retaliating against him for his prior complaint and because of his age is protected activity. The complaint clearly asserted rights protected by the ADEA and TCHRA and called for their protection. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1335 (2011).

It is equally clear, however, that no causal connection exists between Goudeau's protected activity and his termination. Goudeau asserts that both he and HR informed Perkins

---

[8] Although the plaintiff's burden under TCHRA burden is less onerous—only requiring age to be a motivating factor, as opposed to but-for causation—the Court finds that Goudeau has failed to carry his burden under state law as well.

about his complaints in January—seven months prior to his termination. The Fifth Circuit has found that the causal link element "is satisfied when the plaintiff shows that the employment decision and his protected activity were not wholly unrelated." *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 684 (5th Cir. 2001) (holding that "not wholly unrelated" standard satisfied when supervisor indisputably knew of complaint and fired complaining employee seven weeks later) (internal quotation omitted). The case at bar is not on all fours with *Medina*. Here, the only evidence that Perkins knew of Goudeau's complaint is Goudeau's testimony to that effect. Furthermore, seven months—not seven weeks—elapsed between Perkins being informed of the complaint and taking the adverse employment action. Although the Court construes all facts and inferences in the nonmovant's favor, the causal link in this instance, to the extent it exists at all, is too tenuous to establish a *prima facie* case.

Even assuming Goudeau has established a *prima facie* case of retaliation, NOV has, as previously discussed, put forth evidence demonstrating its legitimate, nondiscriminatory reason for firing Goudeau. In his reply, Goudeau has not put forth any evidence or argument, specific to the retaliation claim, evidencing pretext. Because he has not "reveal[ed] 'a conflict in substantial evidence on the ultimate issue of retaliation,'" the Court grants NOV summary judgment on those claims. *Id.* at 685.

## VI. CONCLUSION

For the foregoing reasons, the Court GRANTS NOV's motion for summary judgment in its entirety.

SIGNED on this 28th day of March, 2014.

_____
Kenneth M. Hoyt
United States District Judge